# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-852V
Filed: June 15, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THOMAS LUCH, | \* |
| Petitioner, | \* |
| v. | \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

Interim attorneys' fees and costs decision; respondent objects to an award of interim attorneys' fees and costs; reasonable attorneys' fees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Richard Gage</u>, Cheyenne, WY, for petitioner.
<u>Adriana R. Teitel</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 23, 2015, petitioner filed a Motion for Interim Attorneys' Fees and Costs, requesting $9,874.20 in interim attorneys' fees and $1,032.49 in interim attorneys' costs, for a total request of $10,906.69. This case was transferred to the undersigned on May 24, 2017. No decision on entitlement has been issued.

For the reasons set forth below, the undersigned awards petitioner $10,906.69 in interim attorneys' fees and costs incurred up to and including April 23, 2015, when petitioner filed his interim fee application.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

**PROCEDURAL HISTORY**

On September 15, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that his receipt of the influenza ("flu") vaccine on October 24, 2011 caused him to develop polyneuropathy. Pet. ¶ 7. The case was assigned to a staff attorney in the Special Processing Unit under the supervision of former Chief Special Master Denise Vowell.

In the time period between filing his petition and filing his interim fees motion, petitioner worked on completing the medical record. The parties and the staff attorney assigned to the case discussed whether petitioner had filed sufficient proof of his receipt of the influenza vaccine on October 24, 2011.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on April 23, 2015.

On May 11, 2015, respondent filed a response to petitioner's request for interim attorneys' fees and costs objecting to an award of interim attorneys' fees. Respondent argued that an award of interim attorneys' fees was inappropriate because the case had been pending only for about seven and one-half months and petitioner had not offered evidence that he had suffered undue hardship or had retained costly experts. Resp. at 4. Respondent also objected to the amount of interim attorneys' fees requested by petitioner, arguing that petitioner's counsel held too many interoffice meetings and that the 4.9 hours billed for the preparation of petitioner's interim fee application was excessive. Id. at 5.

Petitioner filed his reply to respondent's response on May 26, 2015. In his reply, petitioner argued that an award of interim attorneys' fees and costs was appropriate. Reply at 7. Petitioner explained that the meetings to which respondent objected were meetings between petitioner's counsel and his paralegals which were necessary to "give [the paralegals] direction and . . . review their work." Id. at 6.

This case has been reassigned several times since petitioner filed his motion for interim attorneys' fees and costs. The case was first reassigned to a staff attorney under the supervision of Special Master Dorsey on May 29, 2015. The case was transferred out of the Special Processing Unit and directly to Chief Special Master Dorsey on March 1, 2017. Finally, the case was reassigned to the undersigned on May 24, 2017. Throughout these reassignments, the parties have been attempting to settle the case.

The matter of petitioner's interim attorneys' fees and costs is now ripe for adjudication.

**DISCUSSION**

I.  **Entitlement to Fees Under the Vaccine Act**

2

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award attorneys' fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Program rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). Special masters have found reasonable basis to file a claim absent medical records or opinions supporting vaccine causation. See Austin, 2013 WL 659574, at *8; Hamrick, 2007 WL 4793152.

### A. Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010). See also Vaccine Rule 13(b) (mentioning "interim fees").

Subsequently, a number of judges and many special masters have found interim fee awards permissible under various circumstances. See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unclear how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl.

Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); <u>Lumsden v. Sec'y of HHS</u>, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); <u>Edmonds v. Sec'y of HHS</u>, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012) (then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); <u>Dudash v. Sec'y of HHS</u>, No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); <u>Burgess v. Sec'y of HHS</u>, No. 07-258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

### B. Interim Fees are Appropriate in This Case

Respondent concedes that the petition was brought in good faith and had a reasonable basis, at least up to the point that the interim attorneys' fees application was filed. Resp. at 5 n.4. Therefore, the undersigned finds that the petition was filed in good faith and that petitioner's claim was supported by a reasonable basis when he filed his interim fees application.

Respondent's argument that petitioner is not entitled to interim attorneys' fees and costs because the proceedings have not been protracted is now moot. At this point, the case has been pending for approximately two years and nine months. The case was recently transferred to the undersigned, who will be discussing the case with the parties for the first time during a status conference on June 26, 2017. While the undersigned is hopeful that the case will come to a quick resolution, it is possible that she may need to set an entitlement hearing or that the parties will need to mediate the case. Therefore, the undersigned finds that it is appropriate to award interim attorneys' fees and costs at this juncture in the case.

Based on her experience and review of the billing records, the undersigned disagrees with respondent's assessment that the amount of petitioner's interim attorneys' fees request is unreasonable. The majority of the time spent drafting the interim fees application was done by a paralegal, who billed at a much lower rate than the attorneys that worked on the case. The paralegal had numerous documents to compile and organize before filing the interim fee application. Moreover, the undersigned does not find that petitioner's counsel had excessive meetings with his paralegals in the time leading up to his filing of the interim fee request.

### CONCLUSION

For the reasons stated above, the undersigned finds that an award of interim attorneys' fees and costs is appropriate. Accordingly, the court awards **$10,906.69**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Richard Gage, P.C. in the amount of **$10,906.69**.

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 15, 2017                                                            /s/ Laura D. Millman  
                                                                                      Laura D. Millman  
                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.